Justice SOTOMAYOR, concurring.
I agree with the Court that petitioner cannot bring a claim under the Speedy Trial Clause for a delay between his guilty plea and his sentencing. As the majority notes, however, a defendant may have "other recourse" for such a delay, "including, in appropriate circumstances, tailored relief under the Due Process Clauses of the Fifth and Fourteenth Amendments." Ante, at 1612. The Court has no reason to consider today the appropriate test for such a Due Process Clause challenge because petitioner has forfeited any such claim. See Tr. of Oral Arg. 19. I write separately to emphasize that the question is an open one.
The Due Process Clause is "flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). This Court thus uses different tests to consider whether different kinds of delay run afoul of the Due Process Clause. In evaluating whether a delay in instituting judicial proceedings following a civil forfeiture violated the Due Process Clause, the Court applied the test from Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) -the same test that the Court applies to violations of the Speedy Trial Clause. See United States v. $8,850, 461 U.S. 555, 564, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983). Under the Barker test, courts consider four factors-the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Ibid. None of the four factors is "either necessary or sufficient," and no one factor has a "talismanic qualit [y]." Barker, 407 U.S., at 533, 92 S.Ct. 2182.
The Montana Supreme Court did not use the Barker test in evaluating petitioner's Due Process Clause claim. 378 Mont. 182, 193-194, 342 P.3d 971, 979 (2015). But it seems to me that the Barker factors capture many of the concerns posed in the sentencing delay context and that because the Barker test is flexible, it will allow courts to take account of any differences between trial and sentencing delays. See 407 U.S., at 531, 92 S.Ct. 2182. The majority of the Circuits in fact use the Barker test for that purpose. See United States v. Sanders, 452 F.3d 572, 577 (C.A.6 2006) (collecting cases).
In the appropriate case, I would thus consider the correct test for a Due Process Clause delayed sentencing challenge.

Montana law, for example, secures the right to a prompt sentencing hearing. See Mont. Code Ann. § 46-18-101(3)(a) (2015) ( "Sentencing and punishment must be certain, timely, consistent, and understandable"); § 46-18-102(3)(a) ("[I]f the verdict or finding is guilty, sentence must be pronounced and judgment rendered within a reasonable time"); § 46-18-115 ("[T]he court shall conduct a sentencing hearing, without unreasonable delay").